UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DERYKE, #313758,

               Plaintiff,

v.

PAM SAUNDERS, et al.,

               Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-502

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 20) and Defendant's Motion to Dismiss (ECF No. 25).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against Registered Nurse Pam Saunders and Well Path Corporation.   (ECF No. 1).   In his complaint, Plaintiff alleges the following.

On February 4, 2022, Plaintiff was experiencing severe abdominal pain.   After an initial evaluation by health care personnel, Plaintiff was transported to a local hospital.   An examination revealed that Plaintiff was experiencing a moderate amount of stool in his colon as well as a moderate atherosclerotic calcification along the

abdominal aorta.    Plaintiff was treated and instructed that if his symptoms returned he should report to prison health care.

Despite treatment, Plaintiff's pain continued to progress.    The following morning, Plaintiff spoke with Defendant Saunders and informed her that he was suffering from severe abdominal pain and that it felt like something inside him had burst.    Saunders responded that she would review Plaintiff's medical records and contact the on-call medical provider.    Plaintiff returned to his cell.

Approximately two and one-half hours later, Defendant Saunders was performing rounds in Plaintiff's housing unit to assess whether any prisoners were experiencing COVID-19 symptoms.    Saunders ignored Plaintiff and instructed prison staff to not call another care provider for Plaintiff as she would examine Plaintiff once she completed her COVID-19 assessment.    Approximately thirty minutes later, Saunders examined Plaintiff after which he was transported to a local hospital for further treatment.

Plaintiff alleges that Defendant Saunders violated his Eighth Amendment rights by failing to promptly respond to the medical emergency he was experiencing on February 5, 2022.    Plaintiff further alleges that Defendant Well Path violated his rights by application of a policy denying follow-up care in an effort to save resources.[1] Defendant Well Path now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.    Plaintiff has responded to

---

[1]  Plaintiff's various other claims were dismissed on screening.    (ECF No. 7).

this motion.   Defendant Saunders moves to dismiss Plaintiff's claims for failure to state a claim on which relief may granted.   Plaintiff has failed to respond to Defendant Saunders' motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

### I.   Defendant Well Path

Plaintiff alleges that Defendant Well Path violated his Eighth Amendment rights by employing a policy of denying follow-up care in an effort to save resources.   Well Path argues that Plaintiff has failed to properly exhaust his administrative remedies.

### A.   Legal Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006).    The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."    *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).    Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."    *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."    *Daniels*, 396 F.3d at 735.    Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."    *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

B.    Exhaustion Standard

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

C.    Analysis

In support of their motion, Well Path has presented evidence that Plaintiff submitted one grievance regarding the events giving rise to this action.   Specifically, Plaintiff filed grievance DRF-22-02-0380-12e alleging that on February 5, 2022, a nurse, presumably Defendant Saunders, failed to respond to his request for treatment. (ECF No. 20-1, PageID.125).   Plaintiff pursued this grievance through all three steps of the grievance process.   (*Id.*, PageID.122-26).   As Well Path correctly observes, however, this grievance was neither asserted against Well Path nor argued that his rights were violated by any Well Path policy.   Thus, this grievance fails to exhaust Plaintiff's remaining claim against Defendant Well Path.

In response, Plaintiff does not argue that he pursued any other grievance against Well Path.   Instead, Plaintiff argues that "Defendants waived their right to argue un-exhaustion when the grievance screener addressed Grievance 0380 on the merits." Plaintiff has failed, however, to identify any authority for this novel proposition.   To properly exhaust his claim against Well Path, Plaintiff was required to submit a

grievance identifying Well Path and articulating what actions they took which he believed violated his rights.   Defendant has demonstrated that Plaintiff failed to do this.    Plaintiff has presented no evidence suggesting otherwise but instead merely advances an argument based upon an inaccurate interpretation of the law.   Finding that Defendant has satisfied its burden on the exhaustion question, the undersigned recommends that Defendant's motion for summary judgment be granted.

## II.    Defendant Saunders

Defendant Saunders argues that she is entitled to relief on the ground that res judicata bars Plaintiff's Eighth Amendment claim.   The Court agrees.   Plaintiff's claim is likewise subject to dismissal, in the alternative, for a separate reason.

### A.    Legal Standard

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

B.    Res Judicata

Plaintiff initiated the present action on May 15, 2023.   Almost one year earlier, Plaintiff initiated an action against Carson City Correctional Health Care and several prison officials.   *DeRyke v. Carson City Correctional Health Care*, 1:22-cv-590, ECF No. 1 (W.D. Mich.).   The allegations in this earlier complaint are identical to those advanced in the present action.   Specifically, Plaintiff alleged that on February 5, 2022, a nurse delayed responding to his request for treatment until she determined whether any prisoners in Plaintiff's housing unit were experiencing COVID-19 symptoms.   For

present purposes, the only difference between the complaints in these two actions is that in the present action the nurse in question is identified as Pam Saunders whereas in the earlier action, the nurse in question is identified as "Nurse 1."

Plaintiff's claims against Nurse 1 were dismissed by the Honorable Sally J. Berens for failure to state a claim on which relief may be granted. *DeRyke v. Carson City Correctional Health Care*, 1:22-cv-590, ECF No. 7 (W.D. Mich.). The Sixth Circuit affirmed the dismissal of Plaintiff's claims. *DeRyke v. Carson City Correctional Health Care*, 1:22-cv-590, ECF No. 18 (W.D. Mich.). Defendant Saunders now argues that in light of this previous disposition, Plaintiff's current claim against her must be dismissed on res judicata grounds. The Court agrees.

As has been recognized, "[t]he terms res judicata and claim preclusion often are used interchangeably." *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021). These terms, however, refer to two "distinct" legal doctrines: (1) issue preclusion and (2) claim preclusion. Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." Claim preclusion, often referred to as res judicata, "prevents parties from relitigating the same claim or cause of action if the latter suit arises from the same transaction or involves a common nucleus of operative facts." *Ibid.*

Claim preclusion bars a claim where four elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which

was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action, satisfied where "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts."  *See, e.g., Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380-383 (6th Cir. 2019).  All four factors are satisfied presently. This Court entered a final decision and judgment on Plaintiff's prior action.  The present action is asserted against the very same defendant and seeks to assert the very same claim Plaintiff asserted in the previous action.  Finally, the claims asserted in the present action arise out of the same core of operative facts.

Where a claim is barred by res judicata, "the weight of authority supports dismissal for failure to state a claim."  *Turner v. DeJoy*, 2022 WL 1817752 at *4 (W.D. Tenn., Mar. 15, 2022) (citations omitted); *see also*, *Marshall v. Snider-Blake Personnel*, 2022 WL 16780688 at *5 (S.D. Ohio, Nov. 8, 2022) (citations omitted).  Accordingly, the undersigned recommends that Plaintiff's Eight Amendment claim against Defendant Saunders be dismissed on res judicata grounds.

## B.    Failure to State a Claim

In the alternative, the undersigned recommends that Plaintiff's Eighth Amendment claim against Defendant Saunders be dismissed for failure to state a claim.

Plaintiff has been permitted to proceed as a pauper in this matter.  Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by a litigant pauper, "the court *shall* dismiss the case *at any time* if the court

determines that. . .the action. . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").

Plaintiff does not allege that Defendant Saunders *denied* him medical treatment. Rather, Plaintiff alleges that Defendant *delayed* examining him for approximately thirty minutes.    When a prisoner alleges that he experienced an unconstitutional delay in medical treatment, the prisoner must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Murray v. Department of Corrections*, 29 F.4th 779, 791 (6th Cir. 2022) (citation omitted).

Plaintiff has failed to allege that he suffered a detrimental effect caused by the alleged delay in treatment he experienced.    Accordingly, the undersigned recommends, in the alternative, that Plaintiff's Eighth Amendment claim against Defendant Saunders be dismissed for failure to state a claim.[2]

---

[2] The undersigned notes that this is the basis on which Judge Berens dismissed Plaintiff's previous Eighth Amendment claim against Defendant Saunders.

-12-

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 20) and Defendant's Motion to Dismiss (ECF No. 25) both be granted and this action terminated.

For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 24, 2024          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

-13-